UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
DEC 6 2022
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

UNITED STATES OF AMERICA,

v.

JODI HEADLEY,

Defendant.

Criminal No. 5:22-CR-53

Violations: 18 U.S.C. 1341

# INDICTMENT

The Grand Jury charges that:

INTRODUCTION

1. On March 27, 2020, the Coronavirus Aid, Relief and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provides unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

2. The PUA program is administered by the State of West Virginia, but is funded by the federal government.

3. In the State of West Virginia, WorkForce West Virginia is the agency that administers the PUA program, on behalf of the United States Department of Labor, which is responsible for overseeing the PUA program.

4. An applicant is only eligible to receive weekly PUA benefits if they are unemployed for reasons related to the COVID-19 pandemic. The applicant must first make a claim through the website, and must enter personal identification information and answer a series of questions that enable WorkForce West Virginia to determine the applicant's eligibility and payment amount.

5. Each week, the applicant is instructed to report any work, i.e., any activity for which payment is received, including full-time, part-time, or temporary work. At the end of each certification,

1

the applicant must check to acknowledge "I certify under penalty of perjury that the statements made in connection with this claim are true to the best of my knowledge and belief" and "I understand that I am required to report any and all gross wages or income from any source every week that I claim unemployment benefits regardless of the amount."

## COUNT ONE

(Mail Fraud)

6. Paragraphs 1 through 5 are hereby realleged as if fully set forth herein.

7. At all times relevant to this indictment, defendant **JODI HEADLEY**, was employed by Hancock County Schools, in Hancock County, West Virginia. Starting no later than July 12, 2020, **JODI HEADLEY**, devised a scheme and artifice to defraud and to obtain money from the United States through which she intended to obtain approximately $20,979.00 by means of false and fraudulent pretenses, representations, and promises.

8. It was part of the scheme that **JODI HEADLEY** submitted an application to WorkForce West Virginia, requesting CARES Act unemployment funds distributed by the PUA program.

9. It was a further part of the scheme that **JODI HEADLEY** falsely stated on her application to WorkForce West Virginia that she was unemployed due to the COVID-19 Pandemic.

10. It was a further part of the scheme that **JODI HEADLEY** submitted weekly certifications to WorkForce West Virginia, falsely stating that she was unemployed due to the COVID-19 pandemic; that she did not receive any wages or income, that she had not returned to work full time and that she did not work any hours that week.

11. It was further part of the scheme that **JODI HEADLEY** misrepresented and concealed material facts on her initial application and weekly certifications to WorkForce West Virginia about her income from her employment at Hancock County Schools.

12. On or about July 21, 2020, in Hancock County, in the Northern District of West Virginia, and elsewhere, for the purpose of executing such scheme and artifice, **JODI HEADLEY**, did knowingly

cause to be delivered by mail, according to the direction thereon, a matter and thing, that is a debit card containing PUA funds, sent to her by KeyBank National Association, on behalf of WorkForce West Virginia and the United States Department of Labor.

    In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

Mail Fraud

1. Pursuant to Title 28, United States Code, Sections 2461(c), Title 18 United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), and 1961(1) and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate such offense, including a money judgment in the amount at least $20,979.00

2. Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/
Foreperson

/s/
WILLIAM IHLENFELD
United States Attorney

Jennifer T. Conklin
Assistant U.S. Attorney